UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY M. HATCHER                                                CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                              NO. 14-390-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 13, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY M. HATCHER                                              CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                            NO. 14-390-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Anthony Hatcher, challenges the validity of his guilty plea, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of armed robbery. The petitioner contends that (1) his guilty plea was not voluntarily entered because he was induced by a plea-bargain agreement of a ten year sentence that he did not receive; (2) the trial court violated Rule 11 of the Federal Rules of Criminal Procedure; (3) the assistant district attorney breached the plea-bargain agreement by not recommending a ten year sentence to the trial court, (4) the trial court erred in not holding an evidentiary hearing to determine the terms of the plea-bargain agreement, and (5) the petitioner's trial counsel was ineffective for: (a) failing to object to the sentencing range of 15 to 40 years, (b) failing to advise the petitioner of his right to withdraw his guilty plea; and (c) failing to file a motion for the petitioner to withdraw his guilty plea.[1]

### Factual Background and Procedural History

On February 22, 2010, the petitioner plead guilty to one count of armed robbery. Following a Boykin examination, his plea was accepted by the trial court. On November 15, 2010, the petitioner was sentenced to 25 years at hard labor, without benefit of probation, parole,

---

[1] The Court has assigned its own claim numbers and subparts to the petitioner's claims.

or suspension of sentence.  A post sentencing Motion to Reconsider Sentence, filed by the petitioner's counsel, and a Motion to Withdraw Guilty plea, filed by the petitioner *pro se*, were denied by the trial court.

The petitioner then filed an Application for Post-Conviction Relief, which was denied by the trial court on May 20, 2013.  Writs were denied by the appellate court and the Louisiana Supreme Court on October 8, 2013 and June 13, 2014, respectively.  *See State v. Hatcher,* 13-1315 (La. App. 1 Cir. 10/8/13), 2013 WL 12120929 and *State ex rel. Hatcher v. State,* 13-2611 (La. 6/13/14), 141 So.3d 272.  The instant application for habeas corpus relief was filed in this Court on June 26, 2014.

## Standard of Review

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d).  Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Relief is authorized if a state court has arrived at a conclusion contrary to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  Relief is also available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination.  *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Mere error

by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness. *Id*. See also *Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The State contends that, applying this standard to the petitioner's claims, there is no basis for the granting of habeas relief.

## Substantive Review

### Claims 1, 3, and 4:
### *Involuntary Guilty Plea/Breach of Plea Agreement/Failure to Conduct Evidentiary Hearing*

The petitioner contends that his plea was involuntary because he was led to believe that he would receive a total sentence of ten years imprisonment in exchange for his guilty plea, the assistant district attorney breached the plea agreement by not recommending a ten year sentence, and the trial court erred in failing to hold an evidentiary hearing to determine the details of the plea agreement when the petitioner asserted that the plea agreement was breached after being sentenced to 25 years.

It is well settled that a guilty plea based on a breached plea agreement is subject to collateral attack under the writ of habeas corpus. To be constitutionally valid, a guilty plea must be knowing and voluntary. *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). Thus, a guilty plea may be invalid if induced by defense counsel's unkept promises. *Id.* On the other hand, a defendant's "mere understanding" regarding a certain sentence that he might receive is not enough. See *United States v. Acevedo*, 9 F.3d 103, (5th Cir. 1993), *quoting Harmason v. Smith, supra.*

When the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand. *Santobello v. New York*, 404 U.S. 257, 262 (1971). The government must "strictly adhere to the terms and conditions" of a plea agreement. *United States v. Valencia*, 985 F.2d 758, 760 (5th Cir. 1983). Further, "when a guilty plea 'rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" *Id.* at 761, *quoting Santobello v. New York, supra.* If, in the execution of a plea agreement, a defendant is misled by the Government, the resulting plea agreement may be considered to be involuntarily entered into and thus induced in violation of due process. *Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 2000).

However, a court reviewing a habeas application should not "lightly find misrepresentations in a plea agreement." *Id. quoting Blackledge v. Allison*, 431 U.S. 63, 71 (1977). "[T]he defendant's subjective belief alone is not sufficient to invalidate a guilty plea." *Id., quoting Matthews v. United States*, 569 F.2d 941, 943 (5th Cir. 1978). Rather, the defendant must demonstrate that the plea agreement was "objectively misrepresented to him." *Id.* Finally, to determine whether the Government's conduct is consistent with its promises, a court must look to the "defendant's reasonable understanding of the agreement." *United States v. Valencia, supra*, 985 F.2d at 761.

A defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath. *Blackledge v. Allison, supra*, 431 U.S. at 73-74. Notwithstanding, a defendant may seek habeas relief on the basis of alleged promises, though inconsistent with representations made in open court when entering a guilty plea, by proving (1) the exact terms of the alleged

promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. *See Harmason v. Smith, supra*, 888 F.2d at 1529.

The petitioner alleges that on February 22, 2010, the petitioner's court appointed counsel (Scott Collier) and the assistant district attorney (Jeff Traylor) reached an agreement whereby the petitioner would be sentenced to ten years imprisonment in exchange for his plea of guilty to the charge of armed robbery.

During the Boykin examination before the trial judge, however, it was clear that no such agreement had been made or adopted by the trial judge and that the trial judge had informed the parties of such prior to the hearing. At the start of the hearing, Mr. Collier, the attorney for the petitioner, stated on the record that the petitioner was told prior to the hearing that his potential sentence could have been higher as charged, "but the court has agreed to a range of 15 years to 40 years." The petitioner specifically confirmed that this was his understanding of the agreement and that he would be sentenced within that range.

After being duly sworn and questioned, petitioner was advised of all of the rights he was waiving by agreeing to plead guilty. He was informed that the maximum term of imprisonment under the statute was 99 years, to which he stated he understood. He agreed to a factual basis supporting his guilt of the offense. He was specifically asked "Has anyone promised you any particular sentence in this case?" to which he responded, "Just the range." The trial judge explained that this matter had been discussed between him, petitioner's counsel, and the assistant district attorney, and the judge agreed that his sentence of the defendant would be between 15 and 40 years. The petitioner then again confirmed his understanding that he would be sentenced in the range of 15 to 40 years and stated, under oath, that he had not been promised anything other than that in connection with his sentence or guilty plea.

Nevertheless, during his sentencing, the petitioner asserted that he had been promised probation by the detective, offered ten years by the district attorney, and told by the public defender that he would receive the lowest sentence. In his Application for Post-Conviction Relief, the petitioner again asserted that his counsel had told him his sentence would be 15 years. In the instant petition, the petitioner alleges that the plea agreement was for a sentence of ten years.

The petitioner's colloquy with the trial court expressly contradicts his assertion that he was assured of any particular sentence. Additionally, the petitioner has not pointed to any specific conversation, where other persons were present, that contradicts his testimony given in open court. Even if there was a discussion about a lower sentence at some point prior to the guilty plea, it is clear from the record as well as the petitioner's statements under oath in court that he was fully informed that the only agreement in place in exchange for his guilty plea was a sentence between 15 and 40 years. As his sentence was for 25 years, the terms of any agreement were fulfilled by all. For the same reason, there was no need for the trial court to hold an evidentiary hearing. As such, the trial court's failure to conduct an evidentiary hearing and denial of the petitioner's request for post-conviction relief were not contrary to and did involve an unreasonable application of clearly established federal law. Accordingly, these claims are without merit.

### *Claim 5: Ineffective Assistance of Counsel*

A habeas petitioner who asserts that he was provided with ineffective assistance of counsel must affirmatively demonstrate (1) that his counsel's performance was "deficient", *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and (2) that the deficient performance prejudiced his

defense, *i.e.*, that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial in which the result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner must make both showings in order to obtain habeas relief based upon the alleged ineffective assistance of counsel. *Id.*

To satisfy the deficiency prong of the *Strickland* standard, the petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. *See,* e.g.*, Martin v. McCotter*, 796 F.2d 813, 816 (5th Cir. 1986). The reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence and that, under the circumstances, the challenged action might be considered sound trial strategy. *See,* e.g., *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). This Court, therefore, must make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. *Martin v. McCotter*, *supra*, 796 F.2d at 817. Great deference is given to counsel's exercise of professional judgment. *Bridge v. Lynaugh*, *supra*, 838 F.2d at 773; *Martin v. McCotter*, *supra*, 796 F.2d at 816.

If the petitioner satisfies the first prong of the *Strickland* test, his petition nonetheless must affirmatively demonstrate prejudice resulting from the alleged errors. *Earvin v. Lynaugh*, 860 F.2d 623, 627 (5th Cir. 1988). To satisfy the prejudice prong of the *Strickland* test, it is not sufficient for the petitioner to show that the alleged errors had some conceivable effect on the outcome of the proceeding. *Strickland v. Washington*, *supra*, 466 U.S. at 693. Rather, the petitioner must show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *Martin v. McCotter*, *supra*, 796 F.2d at 816. The habeas petitioner need not show that his counsel's alleged errors "more likely than not" altered

the outcome of the case; he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome." *Id*. at 816-17.  Both the *Strickland* standard for ineffective assistance of counsel and the standard for federal habeas review of state court decisions under 28 U.S.C. § 2254(d)(1) are highly deferential, and when the two apply in tandem, the review by federal courts is "doubly deferential."  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).  The above showing is one that the petitioner cannot make in the instant case.

### Claims 5(a) and (c): Failure to Object/Failure to File Motion

The petitioner asserts that his trial counsel was ineffective for failure to object to the sentencing range of 15 to 40 years, and failing to file a motion to withdraw his guilty plea.  An attorney's failure to object does not constitute deficient representation unless there is a sound basis for the objection.  *Emery v. Johnson,* 139 F.3d 191, 198 (5th Cir. 1997).  Stated differently, a futile or "meritless objection cannot be grounds for a finding of deficient performance." *Id.*

As noted above, the petitioner's counsel confirmed with the trial court that the agreement was for a sentencing range of 15 to 40 years, and the petitioner confirmed that this was his understanding of the agreement.  As such, any objection by the petitioner's trial counsel to a sentence within the specifically agreed upon range would have been meritless.  For the same reason, there was no basis for the filing of a motion to withdraw the petitioner's guilty plea.  All terms of the petitioner's agreement were fulfilled.

### Claim 5(b): Failure to Advise of Right to Withdraw Guilty Plea

The petitioner asserts that his trial counsel was ineffective for failing to advise him of his right to withdraw his guilty plea. The decision of a trial court on whether to allow a defendant to withdraw his guilty plea is ordinarily based on Louisiana Code of Criminal Procedure article 559, which states that after a motion is filed by the criminal defendant and after a contradictory

hearing, a court may "permit a plea of guilty to be withdrawn at any time before sentence." No such motion was filed before sentencing. In addition, at the sentencing on November 15, 2010, the petitioner was aware that the judge intended to impose a sentence between the 15 and 40 year range as agreed. Indeed, defendant was admonished that if he continued to intimate that there was any other agreement, the court informed him that his sentence "might be more than 25 years if you keep that up." Any attempt to withdraw his knowing and voluntary guilty plea on the day of sentencing clearly would have been rejected and possibly resulted in a higher sentence. Petitioner received a sentence in the lower half of the agreed upon range, and counsel was not ineffective for any failure to advise of any right to move the court to withdraw the plea prior to sentencing.

When a defendant moves to withdraw his guilty plea after sentencing, as the petitioner did, Louisiana state law indicates that the defendant must "assert his claim that his guilty plea is constitutionally infirm through post-conviction procedures." *State v. Stewart,* 902 So.2d 440, 448 (La. App. 5 Cir. 2005). Even if the petitioner's counsel failed to advise him of his rights regarding withdrawal of his guilty plea after sentencing, the petitioner was still able to raise his argument that the guilty plea was constitutionally infirm, and his argument was correctly deemed to be without merit. As such, the petitioner has not shown any prejudice resulting from his counsel's alleged failure to advise him of his right to withdraw his guilty plea, and his claims regarding ineffective assistance of counsel are without merit.

### Claim 2: Violation of Federal Rule of Criminal Procedure 11

The petitioner alleges that the trial court violated Rule 11(c) of the Federal Rules of Criminal Procedure, which provides in pertinent part, "An attorney for the government and the defendant's attorney, or the defendant when proceeding *pro se*, may discuss and reach a plea

agreement. The court must not participate in these discussions." Plaintiff claims that this affected his right to a fair plea deal.

Rule 11, however, sets a standard for federal courts; it does not establish a Constitutional prohibition applicable to the State courts. *Frank v. Blackburn,* 646 F.2d 873, 882 (5th Cir.1980). Petitioner also mistakenly assumes that the sentence is a decision made by his attorney and the prosecution, as opposed to the court. Petitioner's claim is without merit.

The undersigned has also reviewed the transcript and plea colloquy and is satisfied that the defendant understood the charges against him, understood the consequences of a guilty plea, and voluntarily chose to plead guilty without being coerced to do so. His guilty plea was knowing, voluntary and constitutional.

## Certificate of Appealability

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787

(5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In the instant case, the Court finds that reasonable jurists would not debate the denial of defendant's application or the correctness of the substantive ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, and that this proceeding be dismissed.  It is further recommended that in the event the petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on July 13, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**